IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN CORWIN,<br><br>Defendant. | Case No. CR09-2023<br><br>ORDER FOR PRETRIAL DETENTION |

On the 31st day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Rick Lee Sole.

## RELEVANT FACTS

On August 24, 2009, Defendant Dustin Corwin was charged by Indictment (docket number 12) with conspiracy to distribute and possessing with intent to distribute 500 grams or more of methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 26, 2009.

Special Agent John Jacob Austin of the Iowa Division of Narcotics Enforcement testified regarding some of the circumstances underlying the instant charge. On June 8 and 9, 2009, authorities intercepted phone calls between Defendant and James Schaefer. On June 8, Schaefer allegedly asked Defendant if he "needed anything," and Defendant responded that he had "four of them left." Defendant then asked Schaefer if he "needed some." Special Agent Austin testified that based on his training and experience, he believes Defendant was advising Schaefer that he still had some drugs in his possession and was asking if Schaefer needed money for the drugs which were "fronted" to him.

1

At approximately 11:00 p.m. on June 9, an intercepted phone call allegedly contains a conversation where Schaefer asked Defendant if he "needed anything," and they arranged to meet. Shortly after the call, Schaefer was stopped by law enforcement authorities and found in possession of two ounces of methamphetamine. When questioned by authorities on June 15, Schaefer reported that Defendant generally purchased two to four ounces of methamphetamine from Schaefer monthly.

William Herkelman, who is employed by the Black Hawk County Sheriff's Office and is currently assigned to the Tri-County Drug Task Force, testified that a search of Defendant's residence in Evansdale on June 10, 2009 revealed a digital scale and small ziploc bags containing methamphetamine residue. No weapons were found at the residence, although authorities found ammunition in a bedroom and in a shed behind the house.

According to the pretrial services report, Defendant is 32 years old, has never been married, and has no children. Defendant has lived in Waterloo his entire life and graduated from high school there in 1996. Defendant has been unemployed since March 2009, when he was fired for failing to show up for work. Defendant does not have a history of any medical or mental health problems, although he admits using methamphetamine on a regular basis since he was 20 years old.

Defendant's convictions include operating while under the influence, public intoxication, theft in the fifth degree, interference with official acts, public intoxication, public intoxication third offense, possession of a controlled substance, operating while under the influence, possession of a controlled substance second offense, and public intoxication. Defendant had his probation revoked on three occasions and had his parole revoked once. In addition, Defendant has failed to appear for court on two occasions.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute and possessing with intent to distribute 500 grams or more of methamphetamine, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or

combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute and possessing with intent to distribute 500 grams or more of methamphetamine. The "weight of the evidence" against Defendant would appear to be substantial. James Schaefer will apparently testify that Defendant was directly involved in a conspiracy to distribute methamphetamine. Telephone conversations intercepted by law enforcement would appear to corroborate Mr. Schaefer's testimony. In addition, physical evidence was found at Defendant's residence which supports the testimony. While Defendant has long ties to the Waterloo area, he is currently unemployed and has lived at his current residence for only four months. (Defendant apparently lives rent-free in exchange for watching the

owner's dog.) Defendant has a long history of using methamphetamine and failed to successfully complete a drug treatment program two years ago. Defendant has repeatedly failed to comply with terms of supervision. Defendant had his probation revoked on three occasions and his parole revoked on another occasion. The Court has no confidence that Defendant would comply with any terms or conditions of release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 26, 2009) to the filing of this Ruling (August 31, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 31st day of August, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA